## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Chapter 11 |
| NORTEL NETWORKS INC., *et al.*[1] | Case No. 09-10138 (KG) (Jointly Administered) |
| Debtor(s). | |
| SNMP RESEARCH INTERNATIONAL, INC., | |
| and | Adv. Proc. No. 11-53454 (KG) |
| SNMP RESEARCH, INC., | |
| Plaintiff, | |
| v. | |
| NORTEL NETWORKS INC., ET AL., NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION, GENBAND US LLC, GENBAND, INC., PERFORMANCE TECHNOLOGIES, INC., PERFTECH (PTI) CANADA, AVAYA INC., RADWARE LTD., | |
| and | |
| JOHN DOE DEFENDANTS 1-100, | |
| Defendants. | |

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Component Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226).

**DEFENDANT RADWARE LTD.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT
<u>AS TO RADWARE AND TO STAY DISCOVERY</u>**

Dated: May 3, 2013

**ASHBY & GEDDES, P.A.**

William P. Bowden (I.D. No. 2553)
Leigh-Anne Raport (I.D. No. 5055)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

-and-

**KRAMER LEVIN NAFTALIS &
FRANKEL LLP**
Randy Lipsitz (*pro hac vice*)
Aaron M. Frankel (*pro hac vice*)
Shannon H. Hedvat (*pro hac vice*)
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Defendant Radware Ltd.*

# TABLE OF CONTENTS

**Page**

Table of Authorities .................................................................................................. ii

I.    Preliminary Statement ...................................................................................... 1

II.   Summary of the Argument ................................................................................ 2

III.  Facts ................................................................................................................ 3

IV.   Argument .......................................................................................................... 4

    A.  The Legal Standard for a Motion to Dismiss ........................................... 4

    B.  SNMP Fails to State a Plausible Claim for Copyright Infringement ........... 6

        1.  SNMP's Copyright Infringement Claim is Deficient ........................... 6

        2.  Because SNMP Obtained its Copyright Registrations Too Late, it
           Cannot Recover Statutory Damages or Attorney Fees ....................... 9

    C.  SNMP Fails to State a Plausible Claim For Misappropriation of Trade Secrets ........ 10

        1.  SNMP's Complaint Does Not Allege a *Prima Facie* Case of
           Misappropriation of Trade Secrets ................................................... 10

        2.  SNMP's Claim For Misappropriation of Trade Secrets is Preempted By
           Copyright Law ................................................................................ 12

    D.  SNMP Fails to State a Plausible Claim For Unjust Enrichment .................. 13

        1.  SNMP's Claim For Unjust Enrichment is Preempted by Copyright Law ......... 13

        2.  SNMP Fails to Identify the Subjects of Unjust Enrichment .............. 14

        3.  SNMP's Claim for Unjust Enrichment is Barred as Duplicative ....... 15

    E.  SNMP Fails to State a Plausible Claim For Conversion ............................ 16

        1.  SNMP's Claim For Conversion is Preempted By Copyright Law ..... 16

        2.  SNMP Fails to Plead the Required Elements For a Conversion Claim ......... 17

    F.  Discovery Should be Stayed Pending Resolution of This Motion ............... 19

V.    Conclusion ....................................................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*19th St. Baptist Church v. St. Peters Episcopal Church,*
   190 F.R.D. 345 (E.D. Pa. 2000) ...................................................................... 20

*Accenture Global Servs. GmbH v. Guidewire Software Inc.,*
   581 F. Supp. 2d 654 (D. Del. 2008) .................................................. 10, 11, 12, 20

*Acierno v. Preit-Reubin, Inc.,*
   199 F.R.D. 157 (D. Del. 2001) ........................................................................ 17

*Arnold v. Society for Sav. Bancorp, Inc.,*
   678 A.2d 533 (Del. 1996) ............................................................................... 17

*Apparel Bus. Sys., LLC v. Tom James Co.,*
   2008 WL 858754 (E.D. Pa. Mar. 28, 2008) ......................................................... 17

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................................... *passim*

*Associated Gen. Contractors of Cal., Inc., v. Cal. State Council of Carpenters,*
   459 U.S. 519 (1983) ....................................................................................... 5

*Bavarian Nordic v. Acambis,*
   486 F. Supp. 2d 354 (D. Del. 2007) .................................................................. 18

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................................... *passim*

*Bieg v. Hovnanian Enters., Inc.,*
   No. 98-5528, 1999 U.S. Dist. LEXIS 17387 (E.D. Pa. Nov. 10, 1999) ..................... 13

*Bradshaw v. Am. Inst. for History Educ.,*
   No. Civ. No. 12-1367(RBK/KMW), 2013 WL 1007219 (D.N.J. Mar. 13, 2013) ............... 7, 8

*In re Burlington Coat Factory Sec. Litig.,*
   114 F.3d 1410 (3d Cir. 1997) ........................................................................... 5

*In re Chicago Newspaper Liquidation Corp.,*
   No. 09-11092 CSS, 2013 WL 1320806 (Bankr. D. Del. Apr. 3, 2013) ..................... 15

*Corsello v. Verizon New York, Inc.,*
   18 N.Y.3d 777, 967 N.E. 1177 (N.Y. 2012) ........................................................ 15

*Custom Direct, LLC v. Wynwyn, Inc.,*
   No. RDB-09-2348, 2010 WL 1794248 (D. Md. May 4, 2010) ................................. 9

*Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.,*
    307 F.3d 197 (3d Cir. 2002) ................................................................ 13

*Fintech Consulting d/b/a/ Prodiverse Corp. v. Clearvision Optical Co.,*
    2:12-cv-04956-DMC-JAD, slip opinion (D.N.J. Apr. 30, 2013) ......................... 18

*Gee v. CBS, Inc.,*
    471 F. Supp. 600 (E.D. Pa. 1979), *aff'd*, 612 F.2d 572 (3d Cir. 1979) ................... 7

*Knights Armament Co. v. Optical Sys. Tech., Inc.,*
    568 F. Supp. 2d 1369 (M.D. Fla. 2008) .............................................. 10

*Liafail v. Learning 2000,*
    C.A. No. 01-599 GMS, 2002 U.S. Dist. LEXIS 22620 (D. Del. 2002) ........... 17, 18, 19

*Mann v. Brenner,*
    375 F. App'x 232 (3d Cir. 2010) ...................................................... 19

*Nemec v. Shrader,*
    991 A.2d 1120 (Del. 2010) ............................................................ 14

*North Am. Comm., Inc. v. InfoPrint Solutions Co., LLC,*
    No. 3:08-288 2011, WL 4571727 (W.D. Pa. July 13, 2011) ............................ 19

*Palmer Kane LLC v. Scholastic Corp,*
    No. 12 CV 3890, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013) .......................... 8

*Peirson v. Clemens,*
    No. Civ.A.03-1145, 2005 WL 681309 (D. Del. Mar. 23, 2005) .......................... 14

*Peloro v. United States,*
    488 F.3d 163 (3d Cir. 2007) .......................................................... 18

*Penn. Emp., Benefit Trust Fund v. Zeneca, Inc.,*
    710 F. Supp. 2d 458 (D. Del. 2010) ................................................ 14, 16

*Powell v. Comm'r Carl Danberg,*
    No. 1:10-cv-00558-LPS (D. Del. May 5, 2011) ..................................... 19, 20

*Rutman Wine Co. v. E. & J. Gallo Winery,*
    829 F.2d 729 (9th Cir.1987) .......................................................... 20

*Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.,*
    171 F.3d 912 (3d Cir. 1999) .......................................................... 16

*Sullivan Assocs., Inc. v. Dellots, Inc.,*
    No. CIV.A. 97-5457, 1997 WL 778976 (E.D. Pa. Dec. 17, 1997) ................... 14, 17

*Tegg Corp. v. Beckstorm Elec. Co.*,
    650 F. Supp. 2d 413 (W.D. Pa. 2008) ....................................................... 16, 17, 18

*Via Vadis, LLC v. Skype, Inc.*,
    No. CIV.A. 11-507, 2012 WL 261367 (D. Del. Jan. 27, 2012) ................................. 4, 5, 7, 15

*Williamson v. Correct Care Solutions LLC*,
    890 F. Supp. 2d 487 (D. Del. 2012) ....................................................................... 5

*Woodie v. Azteca Int'l Corp.*,
    No. 603582/04, 2005 N.Y. Misc. LEXIS 1895 (Sup. Ct. July 1, 2005) ................... 18

## STATUTES

17 U.S.C. § 106 ..................................................................................................... 14

17 U.S.C. § 301 ......................................................................................... 12, 13, 16

17 U.S.C. § 412 ....................................................................................................... 9

17 U.S.C. §§ 504-505 .............................................................................................. 9

## OTHER AUTHORITIES

Fed. R. Bank. P. 7012 .............................................................................................. 1

Fed. R. Bank. P. 7026 ............................................................................................ 19

Fed. R. Civ. P. 8(a)(2) ............................................................................................. 4

Fed. R. Civ. P. 12(b)(6) ................................................................................... 1, 2, 4

Fed. R. Civ. P. 26(c) .............................................................................................. 19

Defendant Radware Ltd. ("Radware"), by and through its undersigned attorneys, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss as to Radware the Complaint (the "Complaint") of plaintiffs SNMP Research International, Inc. and SNMP Research, Inc. (collectively "SNMP"). Radware moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) (made applicable to the adversary proceeding by Fed. R. Bank. P. 7012) for SNMP's failure to state claims for relief on Counts III, XI, XXI, and XXIII of the Complaint. Radware further moves for a stay of discovery while this motion is pending.

## I.    PRELIMINARY STATEMENT

In this Adversary Proceeding, SNMP sued (i) various Nortel debtor entities ("Nortel") from the overarching Nortel bankruptcy proceeding, (ii) various known purchasers of assets of Nortel and (iii) other John Doe unknown purchasers of such assets. The basis for this action is that as a licensee of SNMP software, Nortel <u>might</u> have distributed SNMP software to one or more separate purchasers of distinct Nortel assets, and that one or more of such purchasers <u>might</u> have used the SNMP software, if indeed it was ever received or accessed, without a license from SNMP.

Radware is an Israeli company that purchased certain assets from Nortel pursuant to an Order of this Court dated March 26, 2009, which authorized and approved the sale of those assets "free and clear of all liens, claims and encumbrances." *See* Case No. 09-10138 at D.I. 539. Radware is now stuck in the cross-fire between Plaintiff SNMP, Nortel debtors and the purchasers of other Nortel assets. Indeed, SNMP brought this adversary proceeding over a year after Radware advised SNMP that it was <u>not</u> using any SNMP software products and more than <u>two years after</u> Radware acquired the Nortel assets with the approval of this Court. SNMP neglects to provide any explanation as to what occurred after this communication that caused it

to sue Radware over one year later.  Moreover, SNMP only recently served Radware with the Summons and Complaint in Israel, sixteen months after bringing the action.  During that intervening time period, at SNMP's request, Radware electronically searched its products, and provided SNMP with the results of these searches which confirmed that no SNMP software was used or found in any Radware products.  SNMP's subsequent service of the Complaint is specious in view of this conclusive proof that Radware's products do not use or contain SNMP software.

Armed with no facts to support its claims, and based on nothing more than bare assertions and rank speculation, SNMP hopes by this action to discover some wrongdoing by some of the named Nortel debtors and Radware, even though SNMP has asserted no specific factual allegations against Radware that would entitle it to relief.

Accordingly, Radware now moves to dismiss each of the causes of action asserted against it under Fed. R. Civ. P. 12(b)(6) for their failure to state plausible claims for relief.[2]

## II.    SUMMARY OF THE ARGUMENT

Plaintiff SNMP asserts four causes of action against Defendant Radware, all of which are based on the alleged transfer of SNMP copyrighted software by Nortel to Radware in connection with Radware's purchase of certain assets from Nortel, as approved by this Court. As explained below, each of the four causes of action asserted against Radware fails to state a plausible claim for relief.

1.    SNMP's copyright infringement claim is deficient based on its failure to identify any plausible wrongdoing by Radware and to identify any allegedly infringing products

---

[2] Radware does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

of Radware.  Also, in any event, due to SNMP's tardy filing for copyright registration protection, SNMP is not entitled to recover statutory damages, attorney fees, or to assert willful infringement.

2.    SNMP's trade secret misappropriation claim is deficient for failure to identify a communication of trade secrets from SNMP to Radware, a confidential relationship between SNMP and Radware, a specific Radware product incorporating a specific SNMP trade secret, and any plausible basis to conclude that Radware used SNMP's trade secrets.  This claim is also preempted by the copyright infringement claim.

3.    SNMP's claim for unjust enrichment is deficient as it is preempted by the copyright infringement claim, fails to identify the subjects of the claim, and is duplicative of other claims in the Complaint.

4.    SNMP's claim for conversion is deficient for failing to plead required elements of the cause of action, including deprivation of access to the property and identification of the converted property.  It is also preempted by the copyright infringement claim.

### III.    FACTS

In support of this motion to dismiss, Radware is relying on the allegations in the Complaint [D.I. 1], Exhibit A to the Complaint [D.I. 1], matters of public record, and as necessary, any documents that are integral to the claims in the Complaint.

Paragraph 81 of the Complaint refers to this Court's Order dated March 26, 2009 approving the sale of Nortel assets to Radware.  In paragraph 82, SNMP quotes from the relevant paragraph of the Sale Order which vests Radware with "all right, title and interest of the Debtors to the Assets . . . free and clear of all Liens and Claims, whether known or unknown."  Unlike other Sale Orders approved by this Court for other defendant purchasers of Nortel Assets, no

exception was made for SNMP software in the Radware Order.  *Compare* Complaint ¶¶ 93, 94 (re: sale to Ericson), Complaint ¶¶ 107, 108 (re: sale to Avaya), Complaint ¶¶ 130, 131 (re: sale to Genband), *with* Complaint ¶¶ 82, 83 (re: sale to Radware).

## IV.    ARGUMENT

### A.    The Legal Standard for a Motion to Dismiss

A defendant may move to dismiss a claim, under Federal Rule of Civil Procedure 12(b)(6), "for failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although a complaint is not required to contain detailed factual allegations, it must contain more than "labels and conclusions or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Third Circuit courts "must conduct a two-part analysis to determine whether a claim survives a motion to dismiss."  *Via Vadis, LLC v. Skype, Inc.*, No. CIV.A. 11-507, 2012 WL 261367, at *1-2 (D. Del. Jan. 27, 2012).

*First*, the court must "distinguish between the factual and legal elements of the claim."  *Id.*  Although the court must accept all factual allegations as true when considering a motion to dismiss, this rule does not apply to a legal conclusion that is "couched as a factual allegation."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.  Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550

U.S. at 545, and must create "a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 556; *see also Via Vadis*, 2012 WL 261367, at *1, *3 (granting motion to dismiss where allegations in amended complaint were based "on information and belief" and "conclusory language").

Second, the court "must inquire whether the complaint states a plausible claim to relief." *Via Vadis*, 2012 WL 261367, at *2. In order to satisfy this standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556) (other citation omitted). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Courts should act as a gatekeeper and require specificity and plausibility "before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558 (quoting *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 528 n.17 (1983)).

In serving their role as a gatekeeper, courts may consider "document[s] integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted). Plaintiffs may not "prevent a court from looking at the text of the documents on which its claim is based by failing to attach or explicitly cite them." *Id.* Courts have considered such extrinsic evidence in granting motions to dismiss claims as "considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered." *Williamson v. Correct Care Solutions LLC*, 890 F. Supp. 2d 487, 490-91 (D. Del. 2012).

**B.     SNMP Fails to State a Plausible Claim for Copyright Infringement**

Count III of SNMP's Complaint should be dismissed for failure to state a plausible claim for relief against Radware for copyright infringement.  First, SNMP's claim is deficient based on its failure to identify any plausible wrongdoing by Radware and any alleged infringing products.  Second, because SNMP filed for copyright registration too late, it is not entitled to statutory damages or attorney fees.

**1.     *SNMP's Copyright Infringement Claim is Deficient***

SNMP's copyright infringement claim against Radware is found in Count III of the Complaint.  Complaint ¶¶ 230-236.  In that claim, SNMP asserts "upon information and belief" that Radware "has used, copied, transferred, sold, reproduced, distributed or otherwise profited from" SNMP's software.  *Id.*

This bare assertion of a legal conclusion is not supported by a single factual allegation.  Indeed, referring back to the "factual" section of the Complaint against Radware, SNMP guesses on "information and belief" that Radware improperly obtained some SNMP software through the purchase of Nortel assets (even though this purchase was approved free and clear of all claims by this Court).  Complaint ¶ 156.  SNMP further guesses on "information and belief" that Radware "possessed, used, distributed, disclosed, transferred, or otherwise profited" from the SNMP software.  *Id.* ¶ 159.  As conclusory assertions with no supporting factual allegations, these bald statements are not entitled to the presumption of truth.  *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all the allegations in a complaint is inapplicable to . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . .") (citation omitted).

- 6 -

SNMP provides no factual allegations regarding any alleged wrongdoing by Radware—it does not identify what Radware did, what Radware products were allegedly involved, or when the alleged activity occurred. Indeed, referring back to paragraph 87 of the Complaint, SNMP can do nothing more than allege "upon information and belief" that Nortel distributed and disclosed SNMP software to Radware.

In this Circuit, to survive a motion to dismiss, a claim for copyright infringement must set forth sufficient details regarding the following four elements: (i) explain that the specific original works at issue are the subject of the copyright claims, (ii) assert that plaintiff owns the copyrighted works, (iii) assert that the copyright in the works is registered with the U.S. Copyright Office, and (iv) identify the alleged infringing acts. *Bradshaw v. Am. Inst. for History Educ.*, No. Civ. No. 12-1367 (RBK/KMW), 2013 WL 1007219, at *3 (D.N.J. Mar. 13, 2013), citing to *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979), aff'd, 612 F.2d 572 (3d Cir. 1979). To satisfy the requirement to identify the infringing acts, the Complaint must set forth the specific acts of infringement and the time period of infringement. *Id.*

In this case, SNMP's Complaint does nothing more than surmise that SNMP software may have been included among the Nortel assets purchased by Radware, and postulate that if Radware received SNMP software, Radware may have used it. Pleading facts "that are merely consistent with" Radware's liability (i.e., speculation of access) without "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" is insufficient to sustain a claim. *Iqbal*, 556 U.S. at 678; *Via Vadis*, 2012 WL 261367, at *2 (citing *Twombly*, 550 U.S. at 556). SNMP's vague contentions are precisely the type of non-specific, non-factual, formulaic recitations of the elements of a cause of action that the Supreme Court has found are insufficient to plausibly suggest any wrongdoing by an

accused party such as Radware.  *See Twombly*, 550 U.S. at 570 (a complaint must contain more than "labels and conclusions or "a formulaic recitation of the elements of a cause of action").

*Palmer Kane LLC v. Scholastic Corp*, No. 12 CV 3890, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013) illustrates the point.  There, plaintiff charged Scholastic with copyright infringement.  Plaintiff asserted "upon information and belief, Defendants exceeded the licenses it obtained" to use plaintiff's copyrighted works, "and made unauthorized uses of Plaintiff's works, . . . ."  *Id.* at *2 (interior quotes omitted).  These assertions were found to be mere statements of legal conclusions with no factual support, and were deemed insufficient allegations of copyright infringement to withstand a motion to dismiss.  *Id.* at *3 (the broad assertions regarding the acts constituting infringement demonstrated the complaint's failure "to contain some factual allegations to narrow the infringing acts beyond broad conclusory statements of infringement").

In the present case, SNMP's Complaint does not contain any factual allegations to support a claim of copyright infringement by Radware regarding SNMP software products, falling far short of the minimum pleading standard.  Indeed, Form 19 of the Federal Rules of Civil Procedure requires an identification of the particular infringing acts by the alleged infringer (e.g., "the defendant infringed the copyright by publishing and selling a book entitled _____.").  *Bradshaw, supra* at *3.  There is no such required identification in the Complaint.

Since SNMP fails to state a plausible claim of copyright infringement against Radware, Count III of the Complaint should be dismissed.

2.   ***Because SNMP Obtained its Copyright Registrations Too Late, it Cannot Recover Statutory Damages or Attorney Fees***

In connection with its purported copyright infringement claim, SNMP seeks statutory damages and attorney fees under 17 U.S.C. §§ 504 and 505, and asserts that Radware's infringement was willful.  However, 17 U.S.C. § 412 makes clear that unless the copyrights were registered before commencement of the infringement (or within three months of first publication), the copyright owner may not be awarded statutory damages or attorney fees under 17 U.S.C. §§ 504 and 505.  Here, SNMP registered the copyrights years after the alleged infringement and first publication.

According to the Complaint, Radware has been infringing SNMP's copyrights since March 2009 when, SNMP asserts "upon information and belief," Nortel transferred certain assets to Radware.  All of the SNMP copyright registrations asserted against defendants (as listed in Complaint Exhibit A) were obtained almost two years later in February 2011.

Accordingly, SNMP's request for attorney fees and statutory damages in Complaint paragraphs 235 and 236 and Request for Relief paragraph 17 fail as a matter of law and should be stricken.  Moreover, since enhanced damages for willful copyright infringement can only be recovered as part of an award of statutory damages to which SNMP is not entitled under § 412, SNMP's reference to willfulness in Complaint paragraph 233, and Request for Relief Paragraph 9, should also be stricken.  *See e.g.*, *Custom Direct, LLC v. Wynwyn, Inc.*, No. RDB-09-2348, 2010 WL 1794248, at *2 (D. Md. May 4, 2010) ("An owner of a copyright is not entitled to enhanced or punitive damages for willful infringement unless it also is entitled to statutory damages." (citing 17 U.S.C. § 504(c)(2))).

**C.     SNMP Fails to State a Plausible Claim For Misappropriation of Trade Secrets**

Count XI of SNMP's Complaint should be dismissed for failure to state a plausible claim for relief against Radware for misappropriation of trade secrets. SNMP does not allege a *prima facie* claim for misappropriation of trade secrets (plausible or otherwise). Additionally, SNMP's misappropriation claim should be dismissed as preempted by federal copyright law.

**1.     *SNMP's Complaint Does Not Allege a* Prima Facie *Case of Misappropriation of Trade Secrets***

A *prima facie* misappropriation claim under the Delaware Uniform Trade Secrets Act ("DUTSA") includes the following requisite elements, three of which were not alleged (let alone plausibly alleged) in SNMP's Complaint:

(1) an existing trade secret;

(2) that has been communicated "by plaintiff to the defendant;"

(3) by a "communication pursuant to an express or implied understanding that the secrecy of the matter would be respected;" and

(4) improper use or disclosure of the secret information in breach of the understanding to the injury of the plaintiff.

*Accenture Global Servs. GmbH v. Guidewire Software Inc.*, 581 F. Supp. 2d 654, 662-63 (D. Del. 2008) (dismissing DUTSA claim for failure to plead a plausible *prima facie* case); *see also Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1377 (M.D. Fla. 2008) (cited favorably by D. Del. in *Accenture* for dismissal of trade secrets claim because complaint did not provide details as to how defendant allegedly used trade secrets).

The barebones and conclusory allegations in SNMP's Complaint fail to set forth a *prima facie* claim of misappropriation of trade secrets. The Complaint baldly alleges "upon information and belief" that some unspecified Radware product uses some unspecified SNMP trade secret:

> **Upon information and belief**, after it acquired SNMP Research's trade secrets from Nortel, Defendant Radware used or disclosed SNMP Research's trade secrets without SNMP Research's express or implied consent because the SNMP Products identified in paragraph 87 were embedded within the Radware products that Defendant Radware sold or distributed in the ordinary course of its business operations.

Complaint ¶ 311 (emphasis added). The Complaint does not identify any specific trade secrets that Radware obtained from Nortel or improperly used or disclosed. *See id.* ¶¶ 309-319. The Complaint does not (and could not) allege that plaintiff SNMP communicated the (unidentified) trade secrets to Radware. *Id.* The Complaint does not allege that there was any express or implied understanding as to confidentiality between SNMP and Radware, nor could it as no relationship regarding the Nortel assets acquired by Radware is alleged (or exists) between SNMP and Radware. To the contrary, the Complaint acknowledges that Radware only had a relationship with Nortel. *Id.* ¶¶ 81, 82. Other than guessing that Radware might have been given and then somehow used SNMP's trade secrets, the Complaint also does not identify which Radware products allegedly use SNMP trade secrets. Finally, the Complaint does not identify any plausible basis for concluding that Radware misappropriated SNMP's purported trade secrets, beyond alleging that Radware may have had access through its Court approved purchase of Nortel assets.

SNMP's bare assertions are even more conclusory than those dismissed by the United States District Court for the District of Delaware in *Accenture*. In that case, the plaintiff alleged that the defendant had access to its trade secrets and suspected misappropriation because

defendant "seemed to have a surprisingly quick development trajectory, particularly in light of its small size and relatively light experience in the insurance market." 581 F. Supp. 2d at 658-59. Plaintiff also represented that it had "carefully compared . . . the information available" to defendant's system in concluding that there was misappropriation. *Id.* Judge Robinson dismissed the cause of action for failure to plausibly state a claim, because it presented "nothing more than 'conclusions' and a 'formulaic recitation of elements of a cause of action'" paired with an assumption of misappropriation based only on access and the defendant's rapid development of a product. *Id.* at 662-63.

Here, SNMP's Complaint has not alleged three of the four required elements for a DUTSA claim, offers no plausible basis whatsoever for the Court to conclude that any Radware product actually incorporates SNMP trade secrets, and offers no allegation that a comparison or analysis of Radware's products shows any similarities to SNMP's alleged trade secrets. Indeed, as noted above, the electronic scan of Radware's products confirmed to SNMP that no SNMP software was used or present in any of Radware's products. In short, SNMP improperly seeks to assert a DUTSA claim based solely on supposed access by Radware, without any plausible basis to conclude there was misuse of any SNMP trade secrets. That is not enough to "allow[] a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558.

For each of these reasons, SNMP has failed to state a claim for misappropriation of trade secrets.

### 2. *SNMP's Claim For Misappropriation of Trade Secrets is Preempted By Copyright Law*

SNMP's DUTSA claim should also be dismissed for failure to state a claim as it is preempted by the copyright infringement claim under federal copyright law. In the Third Circuit, a claim for misappropriation of trade secrets is preempted under 17 U.S.C. § 301 unless

(i) the alleged trade secret is not protected by copyright law or (ii) the claim is based on the breach of a confidential relationship between the plaintiff and defendant. *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 216-18 (3d Cir. 2002). Neither exception applies here.

SNMP's Complaint states that the allegedly copied software products are protected by copyright, and does not specifically identify any other trade secret materials that could have been provided to Radware. Complaint ¶¶ 206-207, 309-319. As noted above, SNMP also does not (and cannot) identify any confidential relationship between SNMP and Radware regarding the SNMP software at issue in this suit. Accordingly, SNMP's DUTSA claim is preempted and should be dismissed as a matter of law for failure to state a claim. *See, e.g., Bieg v. Hovnanian Enters., Inc.*, No. 98-5528, 1999 U.S. Dist. LEXIS 17387, at *16 (E.D. Pa. Nov. 10, 1999) (state law trade secret claim preempted because it was "functionally equivalent" to the copyright claim).

> **D.      SNMP Fails to State a Plausible Claim For Unjust Enrichment**

Count XXI of the Complaint should be dismissed for failure to state a plausible claim for unjust enrichment. First, SNMP's claim for unjust enrichment is preempted by the copyright infringement claim under federal copyright law. Second, SNMP fails to identify the subjects of the unjust enrichment claim. Finally, the unjust enrichment claim should be barred as duplicative of other claims in the Complaint.

> **1.      *SNMP's Claim For Unjust Enrichment is Preempted by Copyright Law***

SNMP's claim for unjust enrichment should be dismissed as preempted by federal copyright law under 17 U.S.C. § 301. In this Circuit, "the Copyright Act preempts a state law claim if the work at issue is the type protected by the copyright laws, and if the right claimed is

equivalent to one of the exclusive rights protected by copyright law." *Peirson v. Clemens*, No.

Civ.A.03-1145 JJF, 2005 WL 681309, at *2 (D. Del. Mar. 23, 2005); *see also Sullivan Assocs.,*

*Inc. v. Dellots, Inc.*, No. CIV.A. 97-5457, 1997 WL 778976, at *4 (E.D. Pa. Dec. 17, 1997)

(preempting unjust enrichment claim because it invoked rights protected by copyright law).

      As registered copyrighted works, SNMP software products are subject to rights

granted under the Copyright Act.  SNMP's reliance on Radware's alleged "possession, use,

transfer, sale, license, reproduction, import, and distribution of SNMP Research's SNMP

Products" directly invokes rights which are "equivalent to [those] protected by copyright law."

Complaint ¶ 418; *Peirson*, 2005 WL 681309, at *2; *see also* 17 U.S.C. § 106 (exclusive rights in

copyrighted works).  Consequently, SNMP's claim for unjust enrichment is preempted by its

claim for copyright infringement.

### 2.    *SNMP Fails to Identify the Subjects of Unjust Enrichment*

      SNMP's Complaint further fails to state a plausible claim for unjust enrichment in

that it is devoid of statements identifying the specific SNMP technology unjustly used by

Radware and the specific Radware products that are alleged to incorporate SNMP software.  *See*

Complaint ¶¶ 416, 418; *see also supra* Sections IV.B.1., IV C.1.  "The elements of unjust

enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment

and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided

by law."  *Penn. Emp., Benefit Trust Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 485 (D. Del.

2010) (citing *Nemec v. Shrader*, 991 A.2d 1120, 1130-31 (Del. 2010)).

      Here, SNMP's Complaint fails to plausibly and specifically plead an enrichment,

an impoverishment and a relation between the alleged enrichment and impoverishment.  *See*

Complaint ¶¶ 416, 418.  SNMP simply states in a conclusory fashion that "Radware has been

unjustly enriched through the possession, use, transfer, sale, license, reproduction, import, and distribution of SNMP Research's SNMP Products." Complaint ¶ 418. However, SNMP fails again to provide any factual support for its bare allegation and merely incorporates its speculative assertions from its copyright and trade secret claims. Simply "restat[ing] and incorporate[ing] all of the allegations of paragraphs 1-415" does not remedy SNMP's failure to identify the software allegedly used by Radware and the products supposedly incorporating such software. *See* Complaint ¶ 416; Section IV.C.1. Without such identification, no reasonable inference may be drawn as to what enrichment and impoverishment are being claimed and what relation may exist between them. *See Via Vadis*, 2012 WL 261367, at *2 (complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (citations omitted)).

Therefore, where a plaintiff, like SNMP, relies upon such "mere bald assertions that are not supported by any well pled facts found in the complaint" and provides no "plausible indication that fundamental principles of justice, equity and good conscience have been violated," the Court must dismiss the claim for unjust enrichment. *In re Chicago Newspaper Liquidation Corp.*, No. 09-11092 CSS, 2013 WL 1320806, at *7 (Bankr. D. Del. Apr. 3, 2013) (dismissing unjust enrichment claim because "there [was] nothing in Plaintiff's complaint that shows Defendant received a benefit or retained a benefit to the Plaintiff's detriment").

### 3.    *SNMP's Claim for Unjust Enrichment is Barred as Duplicative*

SNMP's unjust enrichment claim further fails as it is based upon the same (defective) allegations as its copyright and trade secret claims. Complaint ¶ 418; *see supra* Sections IV.B. and IV.C. The Third Circuit has dismissed unjust enrichment claims where they "essentially [serve as] another way of stating" a claim in the same action that was dismissed for

failing to establish the requisite pleading elements. *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 936-37 (3d Cir. 1999); *see also Penn. Emp., Benefit Trust Fund*, 710 F. Supp. 2d at 485 (applying reasoning in *Steamfitters* to dismiss an unjust enrichment claim); *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790-91, 967 N.E.2d 1177, 1185-86 (N.Y. 2012) ("[U]njust enrichment is not a catchall cause of action to be used when others fail. . . . To the extent that [the other] claims succeed, the unjust enrichment claim is duplicative; if [the] other claims are defective, an unjust enrichment claim cannot remedy the defects."). Here, SNMP's unjust enrichment claim should be dismissed because it is dependent upon the same insufficient allegations underlying SNMP's copyright and trade secret claims.

### E.    SNMP Fails to State a Plausible Claim For Conversion

Count XXIII of the Complaint should be dismissed for failure to state a plausible claim for conversion. SNMP's claim for conversion is preempted by federal copyright law. Additionally, SNMP fails to sufficiently plead that Radware exercised dominion over SNMP's property to the exclusion of SNMP, and fails to identify, with the specificity required, the converted property.

### 1.    *SNMP's Claim For Conversion is Preempted By Copyright Law*

SNMP's claim for conversion should be dismissed as preempted by its claim for copyright infringement under federal copyright law, 17 U.S.C. § 301. Third Circuit courts "have found that the Copyright Act preempts state law conversion claims regarding copyrighted property." *Tegg Corp. v. Beckstorm Elec. Co.*, 650 F. Supp. 2d 413, 432 (W.D. Pa. 2008). In *Tegg Corp.*, the plaintiff, like SNMP here, alleged that copyrighted software and databases were infringed and distributed without authorization. *Id.* at 434. The court found the *Tegg* plaintiff's conversion claim to be preempted because it was "functionally equivalent to [the plaintiff's]

exclusive right [under the Copyright Act] to copy, distribute, and create derivative works from the copyrighted [] software and databases." *Id.* The rights SNMP attempts to invoke through its conversion claim here are equivalent to those reserved under copyright law. Therefore, SNMP's conversion claim is preempted and should be dismissed. *See e.g.*, *Sullivan,* 1997 WL 778976, at *5 (conversion claim dismissed under preemption grounds as "substantively similar" to copyright claim).

> ### 2.    *SNMP Fails to Plead the Required Elements For a Conversion Claim*

SNMP further fails to adequately plead a claim for conversion because it implausibly asserts deprivation of access to the SNMP software and provides no identification of the allegedly converted property.

Conversion is the "'wrongful exercise of dominion over the property of another, in denial of his right, or inconsistent with it.'" *Liafail v. Learning 2000*, C.A. No. 01-599 GMS, 2002 U.S. Dist. LEXIS 22620, at *31 (D. Del. Nov. 25, 2002) (citing *Acierno v. Preit-Reubin, Inc.*, 199 F.R.D. 157, 165 (D. Del. 2001)). "In order to establish a successful conversion claim, [the plaintiff] must establish that, at the time of the alleged conversion: (1) it held an interest in the property; (2) it had a right to possession of the property; and (3) [the defendant] converted the property," depriving plaintiff of control of the property. *Liafail*, 2002 U.S. Dist. LEXIS 22620, at *31 (citing *Arnold v. Society for Sav. Bancorp, Inc.*, 678 A.2d 533, 536 (Del. 1996)).

Because software is "intangible property not physically embodied in a document [it], therefore, [can]not [be] subject to a conversion claim." *Tegg Corp.*, 650 F. Supp. 2d at 433 (citing *Apparel Bus. Sys., LLC v. Tom James Co.*, 2008 WL 858754, at *18–19 (E.D. Pa. Mar. 28, 2008)). Where a plaintiff "mainly claims conversion of the software itself, not merely a physical embodiment of it," the conversion claim must fail. *Id.*

Here, SNMP alleges, at most, that Radware might have had access to Nortel's copy of "SNMP Products." Complaint ¶ 429. SNMP does not allege that Radware took physical possession of SNMP property, thereby depriving SNMP of access to that property. SNMP only provides a conclusory statement that "Radware wrongfully exercised dominion over SNMP Research's property in a manner that was inconsistent with SNMP Research's right to exercise dominion over the SNMP Products." Complaint ¶ 429.

SNMP's empty allegations are insufficient to survive a motion to dismiss. *See Tegg*, 650 F. Supp. 2d at 433 (empty assertions of "conversion of the software itself, not merely a physical embodiment of it" are insufficient); *see also Fintech Consulting d/b/a/ Prodiverse Corp. v. Clearvision Optical Co.*, 2:12-cv-04956-DMC-JAD, slip. op. at 9 (D.N.J. Apr. 30, 2013) (dismissing conversion claim under New Jersey and Massachusetts law for lack of "allegations of Defendant's wrongful exercise of dominion and control over Plaintiff's property"), citing *Peloro v. United States*, 488 F.3d 163, 173-74 (3d Cir. 2007). "A wrongful exercise of dominion" over software cannot be achieved, and is therefore not sufficiently pled, where the plaintiff has not been excluded from use for the same. *Bavarian Nordic v. Acambis*, 486 F. Supp. 2d 354, 363-64 (D. Del. 2007) (no conversion where defendant had neither physical possession nor exclusive control) (applying Maryland and Massachusetts law which mirror the requirements under Delaware law); *Liafail*, 2002 U.S. Dist. LEXIS 22620, at *31-33 (no conversion where plaintiff retained some control over its asset); *see also Woodie v. Azteca Int'l Corp.*, No. 603582/04, 2005 N.Y. Misc. LEXIS 1895, at *5 (Sup. Ct. July 1, 2005) ("No conversion action will lie where the owner of the property is not excluded from possession.").

SNMP's conversion claim further fails in that SNMP does not provide sufficient specificity as to the supposedly converted property. In *Liafail*, the plaintiff alleged the property

that was "taken away from it, and over which [the defendant] ha[d] allegedly exercised dominion, [were] sales of the Lifetime Library," a "series of multimedia programs." 2002 U.S. Dist. LEXIS 22620, at *4, *31-32. The court discussed Liafail's failure to "identif[y] any sale made by [the defendant]" and as a result held that Liafail "failed to meet its burden of establishing the elements required for a claim of conversion." *Id.* at *32-33. Similarly here, SNMP provides no statement as to what specific SNMP software products Radware has allegedly "converted."

For all of the foregoing reasons, SNMP has failed to state a claim for conversion.

## F.   Discovery Should be Stayed Pending Resolution of This Motion

Radware respectfully moves the Court to stay discovery against Radware while this motion is pending. Federal Rule of Civil Procedure 26(c) provides the Court with discretion to stay discovery for "good cause." Fed. R. Civ. P. 26(c) (incorporated into Fed. R. Bank. P. 7026). In addition, as part of its inherent power to administer its own docket, this Court has broad discretion to stay discovery "pending resolution of a potentially dispositive motion." *North Am. Comms., Inc. v. InfoPrint Solutions Co., LLC*, No. 3:08-288, 2011 WL 4571727, at *2 (W.D. Pa. July 13, 2011); *see also Powell v. Comm'r Carl Danberg*, No. 1:10-cv-00558-LPS (D. Del. May 5, 2011) (granting stay of discovery pending resolution of motion to dismiss).

The Third Circuit has approved similar requests for a stay of discovery pending resolution of a motion to dismiss. In *Mann v. Brenner*, 375 F. App'x 232 (3d Cir. 2010), the Third Circuit explained that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Id.* at 239-40. In collecting cases in support of its decision, the Third Circuit cited to several reasons for staying discovery including the fact that a motion to dismiss "tests the legal

sufficiency of a claim, and therefore may be decided on its face without extensive factual development." *Id.* (citations omitted). Moreover, the "idea that discovery should be permitted before deciding a motion to dismiss 'is unsupported and defies common sense [because t]he purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Id.* (citing *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir.1987)).

SNMP must establish that it has a plausible basis for its claims before it is allowed "to conduct a fishing expedition based upon such bare allegations." *Accenture*, 581 F. Supp. 2d at 663. Indeed, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. This is appropriate especially where, as here, "the[re is a] likelihood that [the subject] motion may result in a narrowing or an outright elimination of discovery . . . ." *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (citation omitted); *see also Powell*, No. 1:10-cv-00558-LPS (citing *19th St. Baptist Church* in granting a motion to stay discovery). As demonstrated above, SNMP has failed to plausibly plead its claims.

Finally, SNMP's conduct proves it would not be prejudiced by the requested stay. SNMP has demonstrated a remarkable lack of diligence in prosecuting this case, waiting over two years to file and serve the Complaint. Consequently, to "avoid unnecessary discovery and [to] promote efficiency," it would be most effective to first resolve this motion to dismiss before subjecting the parties and the Court to the burden and expense of discovery. *Powell*, No. 1:10-cv-00558-LPS, p.2.

## V.   CONCLUSION

For each of these reasons, Radware respectfully requests that the Court dismiss the Complaint as to Radware.  Radware further respectfully requests that the Court stay discovery against Radware while this motion is pending.

Dated:  May 3, 2013

**ASHBY & GEDDES, P.A.**

William P. Bowden (I.D. No. 2553)
Leigh-Anne Raport (I.D. No. 5055)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

-and-

**KRAMER LEVIN NAFTALIS &
FRANKEL LLP**
Randy Lipsitz (*pro hac vice*)
Aaron M. Frankel (*pro hac vice*)
Shannon H. Hedvat (*pro hac vice*)
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Defendant Radware Ltd.*

- 21 -