**UNREPORTED OPINION**

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FINTECH CONSULTING d/b/a PRODIVERSE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CLEARVISION OPTICAL CO., INC. et al,<br><br>Defendant. | Hon. Dennis M. Cavanaugh<br><br>OPINION<br><br>Civil Action No. 12-cv-4956 (DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion by Defendant ClearVision Optical, Inc. ("ClearVision" or "Defendant") to Dismiss the Complaint filed by Plaintiff Fintech Consulting, LLC d/b/a Prodiverse Corporation ("Fintech" or "Plaintiff"). (ECF No. 11). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendant's Motion to Dismiss is **granted**.

I. BACKGROUND[1]

Defendant is a manufacturer and distributor of eyeglass frames, sunglasses and other eyewear, located in Hauppauge, New York. Defendant hired Plaintiff, a New Jersey based consulting firm, pursuant to a one (1) year contract dated January 5, 2011, to assist Defendant in upgrading certain computer systems ("the Agreement").

Under the Agreement, Plaintiff was to provide Defendants with consulting services for a period of one year, from January 5, 2011 to January 5, 2012. Plaintiff alleges that Defendant

---
[1] This section is taken from the parties' pleadings.

1

extended the Agreement from January 2012 through April 2012 by "continuing to seek consulting services." (Compl. at page 2). Plaintiff further alleges that Defendant has not paid for the services received from the period of January 2012 to April 2012. (Id).

Plaintiff brought this action against Defendant in New Jersey Superior Court on July 11, 2012 seeking $80,120.33 for Defendant's alleged breach of contract. Defendant removed the action to this Court on diversity grounds, and now moves for dismissal. The Complaint alleges six counts against Defendant.[2] Count One is a breach of contract claim, alleging that Defendant breached its obligation under the Agreement with Plaintiff in two ways: by (1) failing to pay for consulting services allegedly provided by Plaintiff pursuant to the Agreement; and (2) allegedly violating a non-solicitation provision.

The other five counts alleged against Defendant are: breach of duty of good faith and fair dealing; quantum meruit; book account balance; conversion; and tortious interference with contractual relations.

## II.   STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion

---

[2] Antler Group, Inc. ("Antler") was a co-defendant that was dismissed from this matter on November 30, 2012 (See ECF No. 25, Stipulation of Dismissal with Prejudice).

couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

## III. DISCUSSION

Defendant argues, in essence, that the complaint must be dismissed because Plaintiff's causes of action are precluded by the explicit provisions of the contract between the parties. The Agreement provided:

> This Agreement shall commence on the Effective Date and shall continue for a term of one (1) year unless earlier terminated in accordance with the provisions of Section 4. Absent a written modification or extension of this Agreement executed by both parties, the Company [Defendant] shall not be liable for any Services provided by Consultant [Plaintiff] beyond the term of this Agreement or outside the scope of Schedule A.

(Def.'s Br. 4, Ex. B at Sec. 2. Additionally, the Agreement contains an integration clause:

> This Agreement constitutes the entire agreement between the parties and supersedes all prior and contemporaneous agreements and understandings between the parties, whether written or oral, relating to the subject matter of the Agreement. This Agreement may be modified only by a written instrument executed by both the Company [Defendant] and the Consultant [Plaintiff]. (Id. at Sec. 18)

### A. Count One of the Complaint - Breach of Contract

As a threshold matter, the breach of contract claim is governed by Massachusetts law, as the Agreement provided that it "shall be construed, interpreted and enforced in accordance with

3

the laws of the Commonwealth of Massachusetts, without respect to conflict of law principles." (Id). When parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy. See Instructional Sys., Inc. v. Computer Curriculum Corp., 614 A.2d 124, 133 (N.J. 1992); Winer Motors, Inc. v. Jaguar Rover Triumph, Inc., 506 A.2d 817 (N.J. Super. Ct. App. Div.1986); Kalman Floor Co. v. Jos. L. Muscarelle, Inc., 481 A.2d 553 (N.J. Super. Ct. App. Div.1984), aff'd o.b., 98 N.J. 266, 486 A.2d 334 (1985).

Defendant argues that the claim for breach of contract must be dismissed because none of Defendant's alleged conduct is in breach of the Agreement's explicit terms. Plaintiff alleges that it is entitled to $80,120.33 for consulting services it provided to Defendant between January 2012 and April 2012, after the expiration of the Agreement. Plaintiff argues that while the Agreement did state that a modification to the express terms must be in writing and signed by both parties, the parties engaged in some sort of oral modification that now makes Defendant liable for the work it received from Plaintiff after the Agreement expired. Defendant argues that Plaintiff has not sufficiently pled that the Agreement was extended, and thus under the terms of the Agreement, and thus this Count must be dismissed, as Defendant is not liable for any consulting services provided by the Plaintiff after the Agreement expired.

Under the express terms of the Agreement, the contract term expired in January 2012, absent an extension of the Agreement in writing. The Court is not persuaded that the parties ever made such a written modification, and Plaintiff's attempt to characterize Defendant's actions as an oral modification is not persuasive. Even if all facts in the complaint are read in the light most favorable to Plaintiff, Plaintiff has failed to establish that an oral agreement was made that effectively extended the contract four months to April 2012.

4

Plaintiff correctly asserts that it is a settled principle of law that "[t]he mode of performance required by a written contract may be varied by a subsequent oral agreement based upon a valid consideration." Cambridgeport Sav. Bank v. Boersner, 597 N.E.2d 1017, 1021 (Mass. 1992). Additionally, a provision that an agreement may only be amended by a written instrument does not necessarily completely bar oral modification of the contract. "Mutual agreement on modification of the requirement of a writing may ... 'be inferred from the conduct of the parties and from the attendant circumstances' of the instant case." First Pennsylvania Mortg. Trust v. Dorchester Sav. Bank, 481 N.E.2d 1132, 1138 (Mass. 1985) (quoting Flynn v. Wallace, 270 N.E.2d 919, 922 (Mass. 1971)).

However, Plaintiff does not plead sufficient facts here to permit an inference that the parties had reached an oral argument to modify the written contract. The Complaint states that "the initial term of the Agreement was for a period of one (1) year. However, ClearVision [Defendant] extended the Agreement by continuing to seek consulting services from January 2012 through April 2012." (Compl. at page 2). Defendant's alleged unilateral request for continuing services does not constitute an oral modification by both parties to extend the contract. Plaintiff does not allege that a subsequent agreement had been negotiated, nor does the Complaint itself make any reference of any oral agreement. Because the Court finds that Plaintiff has failed to sufficiently pled that an oral extension of the Agreement was agreed upon by both parties, the terms of the Agreement control. As the Agreement expired on its own terms in January 2012, Defendant cannot be liable for breach of contract for not paying for services rendered beyond the term of the Agreement.

5

The Court also agrees with Defendant that the second alleged breach of the Agreement, for violating a non-solicitation provision, fails as a matter of law.[1] Plaintiff asserts that Defendant violated a non-solicitation provision by "specifically contacting Antler in an attempt to circumvent [Plaintiff]." (Compl. at page 4). The Agreement does not contain a non-compete or non-solicitation clause restraining Defendant's behavior. The Agreement does contain a non-solicitation clause against Plaintiff, and provides the following:

> During the term of this Agreement, and for a period of up to twelve (12) months thereafter, Consultant [Plaintiff] agrees not to solicit or induce an employee of the Company to terminate his or her employment with the Company [Defendant], and not to hire any employee of the Company [Defendant] without the Company's [Defendant's] written approval.

(Def.'s Br. 4, Ex. B at Section 13(A). Based on the express terms of the Agreement, Defendant cannot have breached the Agreement by soliciting Antler or its employees, as there was no provision against such activity. Thus this claim must be dismissed as well.

### B. Count Two of the Complaint - Breach of Duty of Good Faith and Fair Dealing

Defendant also asks the Court to dismiss Plaintiff's claim for breach of good faith and fair dealing because Plaintiff "does not adequately allege that it did not receive what was under the terms of the Agreement and because the Complaint alleges nothing beyond a simple breach of the Agreement." (Def.'s Br. 9).

Both parties correctly state that under Massachusetts law, the covenant of good faith and fair dealing is implied in every contract. Anthony's Pier Four, Inc. v. HBC Assocs., 583 N.E. 2d 806, 820 (Mass. 1991). "The implied covenant of good faith and fair dealing provides that 'neither party may do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" Owen v. Kessler, 778 N.E. 2d 953, 958 (Mass.

---

[1] The Court notes that in Plaintiff's Opposition, Plaintiff did not respond to Defendant's Motion to Dismiss this count.

App. Ct. 2002) (quoting Anthony's Pier Four, 583 N.E. 2d at 820). However, the Court in Ferola v. Allstate Life Ins. Co., No. 050996, 2007 WL 2705534 (Mass. Super. Aug. 30, 2007) held:

> The plaintiff here cannot sustain a claim for breach of the implied covenant of good faith and fair dealing. The question whether recovery is available is governed by the terms of the contract. If the plaintiff can show that payments that he did not receive were due him under the contract, he has stated a claim for breach of contract, not breach of the implied covenant of good faith and fair dealing.

The same is true here. The Complaint alleges no behavior other than the alleged breach of the Agreement on the part of Defendant that the Court could classify as a breach of good faith and fair dealing. Plaintiff has thus not pled that a breach of good faith has occurred; the conduct Plaintiff alleges Defendant engaged in constitutes a breach of contract. Thus, Count Two of the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

### C. Count Three of the Complaint - Quantum Meruit

Defendant argues that Plaintiff cannot use the doctrine of quantum meruit to recover because the existence of an express contract precludes recovery under the theory. The Court agrees.

Quantum meruit is applied when, absent a manifest intention to be bound, "one party has conferred a benefit on another and the circumstances are such that to deny recovery would be unjust." Weichert Co. Realtors v. Ryan, 608 A.2d 280, 285 (N.J. 1992). However, it is well settled that:

> An implied contract cannot exist when there is an existing express contract about the identical subject. The parties are bound by their agreement, and there is no ground for implying a promise. It is only when the parties do not agree that the law interposes and raises a promise. When an express contract exists, there must be a rescission of it before the parties will be remitted to the contract which the law implies, in the absence of that agreement which they made for themselves.

Moser v. Milner Hotels, 78 A.2d 393, 394 (N.J. 1951) (internal quotations omitted). Defendant argues that the terms of the Agreement preclude such recovery. The Agreement states that Defendant "shall not be liable for any Services provided by Consultant [Plaintiff] beyond the term of this Agreement," which terminated in January 2012. (Def.'s Br. 11, see Ex. B Sec. 2).

Plaintiff argues that the Complaint properly states a claim for quantum meruit as Plaintiff is entitled, pursuant to FED. R. CIV. P. 8(d)(2) to plead in the alternative. This argument is misplaced. As Plaintiffs do not challenge the validity of the contract at issue, recovery under quantum meruit is unavailable to the Plaintiff. Ctr. for Special Procedures v. Connecticut Gen. Life Ins. Co., No. 09-6566, 2010 WL 5068164 at *5 (D.N.J. Dec. 6, 2010)

### D. Count Four - Claim of Book Account Balance

Count Four must be dismissed as it redundant with the breach of contract claim. Plaintiff's fourth count is for a "book account balance," wherein Plaintiff alleges simply "[Plaintiff] has on its account a book account balance in the approximate amount of $80,120.33. [Defendant] has failed to pay this book account balance." (Compl. at page 5).

The law of "book account" balance is murky at best, and the cause of action, while seemingly recognized in both New Jersey and Massachusetts, requires the same elements as a breach of contract claim. See Darush, LLC v. Macy's, Inc., Civ. No. 2:12-02167-WHW-MCA, 2012 WL 2576358, at *2 (D.N.J. July 03, 2012) (citing Honeywell Int'l. Inc. v. O.A. Peterson Const. Co., 2008 WL 2340278, at *5 (N.J. Super. Ct. App. Div. June 10, 2008)); FedEx Customer Info. Servs. v. Fright Catalog, No. 08-40180, 2010 U.S. Dist. LEXIS 89531 (D. Mass. August 27, 2010).

Defendant argues that as this count is duplicative of the breach of contract claim, thus where that count failed this count must fail too. Indeed Plaintiff pleads the same facts for both

counts, relying on the damages of the breach of contract to assert a book account claim. The Court agrees with Defendant and dismisses Plaintiff's book account claim as redundant with the breach of contract claim.

### E. Count Five - Conversion

Defendant argues that Plaintiff's claim for conversion must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because "(1) under the unambiguous terms of the Agreement, [Defendant] has never exercised control over anything belonging to Plaintiff; and (2) it cannot allege that the monies owed to it were part of some identifiable pot of money belonging to Plaintiff." (Def.'s Br. 13).

Under either New Jersey or Massachusetts law, Plaintiff's Complaint fails to make out any showing of conversion. See Evergreen Marine Corp. v. Six Consignments of Frozen Scallops, 4 F. 3d 90, 96 (1st Cir. 1993) (applying Massachusetts law) (Plaintiff asserting conversion claim under Massachusetts law must show that defendant intentionally and wrongfully exercised control or dominion over personal property, plaintiff had ownership or possessory interest in property at time of alleged conversion, plaintiff was damaged by defendant's conduct, and if defendant legitimately acquired possession of property under good faith claim of right, plaintiff's demand for its return was refused); Peloro v. United States, 488 F.3d 163, 173-74 (3d Cir. 2007) (Under New Jersey law, conversion is essentially the wrongful exercise of dominion and control over the property of another in a manner inconsistent with the other person's rights in that property) (internal quotations and citations omitted). Plaintiff's Complaint makes no allegations of Defendant's wrongful exercise of dominion and control over Plaintiff's property, nor does the Complaint plead that Defendant intentionally inferred with

9

Plaintiff's property. Thus Count Five for Conversion must also be dismissed for failure to state a claim.

### F. Count Six - Tortious Interference with Contract

Defendant also argues that Count Six should be dismissed as Plaintiff has failed to adequately allege any facts supporting the necessary elements of tortious interference with contract.

Defendant argues that because this claim does not arise out of the Agreement, New Jersey law applies. In order to state a claim for tortious interference with contract under New Jersey law, a plaintiff must adequately allege: "(1) the existence of the contract [;] (2) interference which was intentional and with malice; (3) the loss of the contract or prospective gain as a result of the interference; and (4) damages." Velop, Inc. v. Kaplan, 693 A.2d 917, 926 (N.J. Super. Ct. App. Div. 1997) (citing Printing Mart-Morristown v. Sharp Elecs., 563 A.2d 31, 37-38 (N.J. 1989)).

Plaintiff has failed to plead or identify any conduct of Defendant's that was intentional or malicious. Plaintiff does not assert any "fraudulent, dishonest or illegal" conduct by Defendant. Plaintiff's Complaint simply alleges that Defendant interfered with Plaintiff's contractual relationship with Antler, "by attempting to directly negotiate with Antler for the supply of consultants and by allowing Antler to directly supply consultants to [Defendant]." (Compl. at page 6). Even construing the facts pled in Plaintiff's favor, Defendant was not prohibited from soliciting Antler or its employees under its Agreement with Plaintiff.

Additionally, Plaintiff has failed to identify any actual loss that it suffered or any actual gain to Defendant. Plaintiff has also failed to identify the kind or amount of damages that it suffered as a result of the alleged interference by Defendant. Plaintiff's Complaint merely asserts

that "there is a reasonable probability" that the alleged interference by Defendant caused the loss of a prospective gain. (Compl. 6-7). This does not rise to the level of pleading required to survive a motion to dismiss. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do"). Accordingly, Plaintiff has not pled sufficient facts to support a claim for tortious interference with contract, and Count Six of the Complaint must also be dismissed for failure to state a cause of action.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **granted**. An accompanying Order follows this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:       April 30, 2013
Original:   Clerk's Office
cc:         Hon. Joseph A. Dickson, U.S.M.J.
            All Counsel of Record
            File

11